[Civ. No. 14957. First Dist., Div. One. June 25, 1951.]

ROBERT C. YOUNG, Petitioner, v. THE SUPERIOR
COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent; LUCIA YOUNG, Real Party
in Interest.

Walter H. Duane for Petitioner.

Allan L. Sapiro for Real Party in Interest.

BRAY, J.—By this proceeding in certiorari petitioner seeks
to review an order of the superior court finding him in con-
tempt for failure to pay support and maintenance of the
minor child of the parties.

## QUESTION INVOLVED

Does the interlocutory decree order payment of support for the child so that a failure to make such payment may constitute contempt of court?

## FACTS

The only reference in the interlocutory decree of divorce, entered in June, 1945 (the final decree makes no order concerning the matter), to support for respondent and the minor child and the property settlement between the parties is as follows: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the written agreement heretofore entered into by plaintiff and cross-defendant and defendant and cross-complainant respecting their property rights and the care and maintenance of the minor child of the parties hereto, a copy of which is annexed hereto, is, and each and every provision thereof, approved, ratified and confirmed by this Court and made a part of this decree." The agreement provides that petitioner pay respondent the sum of $75 per month for her maintenance and support and $50 per month for the support and maintenance of the child.

Subsequent to the entry of the decree petitioner reduced his payments from the $125 per month agreed to $75 per month. He contends that this was under an oral agreement with respondent to continue until his financial condition had improved. Plaintiff denied the agreement. On January 17, 1951, petitioner was brought before the superior court on an order to show cause why he should not be punished for contempt for alleged failure to comply with the provisions of the interlocutory decree. At the hearing the trial court found him in contempt for failure to pay for the support and maintenance of the child, directed him to pay respondent the sum of $1,000 (the amount he was in arrears) at the rate of $25 per month and the further sum of $100 as attorney's fees in the contempt proceedings.

## WAS THERE AN ORDER FOR SUPPORT?

Petitioner contends that the superior court acted without and in excess of its jurisdiction for the reason that the interlocutory decree contains no order for payment and therefore petitioner did not violate any order. We agree with this contention.

In *Shogren* v. *Superior Court*, 93 Cal.App.2d 356 [209 P.2d 108], after reviewing most of the cases on the subject in California (upon practically all of which respondent relies)

and pointing out the apparent confusion that existed, we said (p. 364): "A fair summation of the rule as it exists today is the following: (1) If a property settlement agreement is merely referred to in the divorce decree, or approved by the court but not actually made a part of the decree and the performance of any of its provisions ordered, then the provisions of the agreement cannot be enforced by contempt proceedings. (2) If the agreement or any of its provisions are actually incorporated in the decree and the decree orders the performance of such agreement or such provision or provisions, then the agreement or the provision or provisions so incorporated are merged in the decree and may be enforced only as the order of the court."

The situation in the Shogren case, so far as the terms of the decree are concerned, was practically the same as in the case at bar. There the decree ordered, adjudged and decreed that the property settlement agreement "'a copy of which property settlement agreement is on file herein be and the same is hereby ratified and made a part of this decree as though the same were fully herein set forth.'" In our case the language is almost the same. The agreement "a copy of which is annexed, is, each and every provision thereof approved, ratified and confirmed and made a part of this decree." In the Shogren case, while the decree did not say, as here, that a copy was annexed, it appeared that it was attached. The following paragraph from the opinion in the Shogren case (p. 364) is particularly applicable to the decree here: "Applying these tests to the decrees in our case, we find that the agreement did not become merged therein. While the decrees made the agreement parts thereof by reference and the agreement was physically attached to the interlocutory decree, there was no order made in either decree for the performance of the provisions of the agreement. Therefore, enforcement by contempt proceedings does not lie."

Respondent contends that this case differs from the Shogren case in that there no support for a child was involved. That fact, however, does not change the situation. ██ Contempt is an extraordinary proceeding. To invoke it there must be a court order which has been violated. One who violates a duty to support a wife or child cannot be punished for contempt of court unless he likewise violates a court order requiring him to support either or both. There is no such order here. ██ Respondent cites cases to the effect that

the exercise of the authority of a court in a divorce action to make necessary orders for the maintenance and support of minor children of the marriage cannot be limited or abridged by the parties by property settlement, oral agreement or otherwise. There is no question but that is the law. Here, however, the court merely approved the agreement of the parties as to the support for the child without exercising its authority to order petitioner to pay either the agreed or some other amount. The statutory duty of a father to support his child during minority may be enforced in various ways but not by contempt of court, unless that duty has been embodied in an order. The trial court can, in this very proceeding, make such an order if called upon to do so.

The order finding petitioner in contempt is annulled.

Peters, P. J., and Wood (Fred B.), J, concurred.

· Real Party in Interest's petition for a hearing by the Supreme Court was denied August 23, 1951. Traynor, J., voted for a hearing.