Frederick Backer, J.
Plaintiff moves to punish defendant for contempt for his failure to pay alimony. It appears that on January 29, 1958, the parties entered into a stipulation before Mr. Justice Gold wherein and whereby in part it was stipulated and agreed that ‘ Pending a report by the Official Referee and a confirming order by Supreme Court Justice Gold and the entry of an order thereon, that defendant will pay and the plaintiff will receive weekly the sum of $175 a week in advance of each week, net, no tax to the plaintiff, beginning with January 31, 1958 and until further order of the Court.” It appears further that the motion for temporary alimony and counsel fees was withdrawn without prejudice to either side.
Defendant has defaulted in the making of the weekly payments but insists that since no order or any other mandate of the Supreme Court was ever made and entered on the basis of the stipulation contempt proceedings may not be maintained. The defendant’s position is well taken. It seems clear that an order or other mandate of the court must have been made and entered before contempt proceedings to enforce the payment of temporary alimony may be maintained (Civ. Prac. Act, § 1172; Shacknow v. Shacknow, 248 App. Div. 827; Sabbeth v. Sabbeth, 2 Misc 2d 64). A stipulation entered into with the consent of the court is not a court mandate or order. It is simply an agreement between the parties and is of no greater dignity than any other binding agreement. It is well settled that a separation agreement not made a part of a decree or judgment may not be enforced by contempt proceedings.
Plaintiff’s failure to enter an order on the stipulation is fatal and a complete bar to the maintaining of a contempt proceeding.
Accordingly, the motion is denied.