## Richmond

### MARY L. DURRETT v. HILDA B. DURRETT.

January 14, 1963.

Record No. 5499.

Present, All the Justices.

The opinion states the case.

*Julian K. Hickman* and *Norvell A. Lapsley*, for the appellant.

*Wayt B. Timberlake, Jr.* and *R. Turner Jones*, for the appellee.

SPRATLEY, J., delivered the opinion of the court.

This is an appeal by Mary L. Durrett from a decree entered on June 4, 1962, in the Corporation Court of the city of Staunton sustaining the demurrer of Hilda B. Durrett to a bill in equity filed December 15, 1960, by Mary L. Durrett against Hilda B. Durrett, and dismissing the bill.

The bill of the complainant alleged that she married Joseph R. Durrett on December 21, 1934; that four children were born of their

marriage, the oldest at the time of the institution of this suit being 22 years of age and the youngest 18 years; that in 1947, she instituted in the Circuit Court of Bath county, Virginia, a suit against Joseph R. Durrett for a divorce on the grounds of desertion; that on August 1, 1947, while that suit was pending, she and her husband entered into a written contract whereby her husband agreed to pay to her a certain sum of money annually, to convey to her certain real estate, and to provide support and maintenance of their children; that by decree of the Circuit Court of Bath county, on September 22, 1947, "the prayer of the bill of complaint for divorce was, on motion of complainant, denied," and the said property settlement contract confirmed, ratified and approved in every particular; that complainant, then 55 years of age, had not remarried, and the cancer from which she suffered for several years prior to the desertion and abandonment of her by her husband, and for many years thereafter, "had been arrested;" that "shortly after September 28, 1946," Joseph R. Durrett married Hilda B. Durrett, the defendant herein, and by a deed of gift, dated January 21, 1960, conveyed certain of his real estate to Hilda B. Durrett; that Joseph R. Durrett died in February, 1960, "presumably intestate," but no administrator had qualified on his estate; and that the said conveyance to Hilda B. Durrett "was made to hinder, delay and defraud" the complainant. She prayed that the said deed be set aside, the property therein described be sold and the proceeds, so far as might be necessary, applied to the payment of the installments due and to become due to her from Joseph R. Durrett under the contract of August 1, 1947; and for other, general and further relief.

Copies of the bill for divorce in the suit instituted in the Circuit Court of Bath county, the final decree entered in that suit, and the contract of August 1, 1947, were attached to the bill and prayed to be made a part thereof.

The bill for divorce charged Joseph R. Durrett with having fraudulently obtained an absolute divorce from Mary L. Durrett on September 28, 1946, in the State of Nevada, and prayed for temporary and permanent alimony.

The contract of August 1, 1947, after referring to the Virginia divorce proceeding, contained the following recitals and provisions: That the parties thereto were no longer living together as man and wife; that it was the intention of Joseph R. Durrett to make proper and adequate provision for the support of his wife and the children born of their marriage; that he, Joseph R. Durrett, would pay to

Mary L. Durrett the sum of $2,400.00 per year "for so long as she lives, or until such time as she remarries;" and would convey certain real estate to her, and make other payments for her support and the support, maintenance and education of their children; and that in consideration thereof, Mary L. Durrett would "dismiss" certain "paragraphs in her bill of complaint" and would "not institute another action for the relief prayed for in said paragraphs." The final paragraph of the contract reads as follows: *"The parties hereto do hereby request the Court in which the above entitled divorce action is now pending and undetermined, to confirm and approve this contract as an award of alimony and support for said children."* (Emphasis supplied.)

The decree of the Circuit Court of Bath county entered on September 22, 1947, recited that the cause had matured, with no responsive pleadings on behalf of the husband; but that he appeared in person and by counsel at the taking of the evidence, heard *ore tenus*. It denied Mary L. Durrett a divorce; and referring to the agreement of August 1, 1947, as a "contract for an allowance of alimony from the defendant to the complainant," confirmed, ratified and approved the same; and then adjudged, ordered and decreed "that the parties do and perform the acts provided in said contract within the time and in the manner therein specified, *which said payments and the performance of which said obligations on the part of the defendant are not in lieu of alimony but are alimony payments."* (Emphasis supplied.)

The cause was ordered dismissed from the docket, with leave reserved to the parties, or either of them, to make application to the court for such further orders as might be authorized by law.

Neither of the parties ever asked for a modification or change in any part of the decree.

Hilda B. Durrett demurred to the bill of complaint, in the present proceeding, on the ground that "the sums claimed by the complainant constitute alimony payments, any liability for which ceased and determined with the death of Joseph R. Durrett."

The Corporation Court of the city of Staunton, upon consideration of the issues raised by the bill and demurrer, sustained the demurrer, "except as to such payments which may have accrued prior to the death of Joseph R. Durrett," and dismissed the cause as to all payments claimed to become due after the date of his death.

The demurrer having admitted as true all facts well pleaded, the controversy provides only a question of law, and that is whether the

trial court erred in holding that the $2,400.00 per year payments to be made by Joseph R. Durrett constituted alimony rather than an obligation for the settlement of property rights which survived his death.

Mrs. Mary L. Durrett argues that the decree in the divorce proceeding merely confirmed, ratified and approved the provisions of the August 1, 1947 contract, binding the husband to pay the annual installments, but did not "adopt" that provision as an allowance of alimony. This contention does violence to the plain, simple and unambiguous language of the decree. The decree did not merely confirm, ratify and approve the provision for the payment of the annual installments by the husband; but it went further, at the instance of the wife, and expressly adopted the amount of the payments specified in the said contract as and for alimony, and not as a contractual liability.

In a long line of cases, we have set out the difference in characteristics, attributes and legal effect between decrees for alimony and contracts between husband and wife for support and maintenance.

A decree for alimony during the lifetime of the beneficiary or until her remarriage constitutes a lien upon all of her husband's real estate from the time such decree is recorded on the judgment lien docket of the clerk's office of the county or city where such land is situated. Code of Virginia, §§ 8-386 and 8-390, 1962 Cum. Supp.; *Isaacs* v. *Isaacs,* 117 Va. 730, 86 S. E. 105, L. R. A. 1916 (B) 648. The lien may be enforced as other liens are enforced, and for the failure to make payments a divorce court may punish for contempt. *Bray* v. *Landergren,* 161 Va. 699, 708, 172 S. E. 252; *Wright* v. *Wright,* 164 Va. 245, 251, 178 S. E. 884; *Eaton* v. *Davis,* 176 Va. 330, 338, 10 S. E. 2d 893.

"Accrued alimony is not a provable debt in bankruptcy, nor is the husband relieved from any future payments by a discharge in bankruptcy." *Eaton* v. *Davis, supra,* 176 Va., page 338.

Alimony is not a property right, and it is uncertain in duration. It ceases entirely upon the death of either husband or wife. *Eaton* v. *Davis, supra,* 176 Va., page 340; *Foster* v. *Foster,* 195 Va. 102, 107, 77 S. E. 2d 471; *Wilson* v. *Wilson,* 195 Va. 1060, 1073, 81 S. E. 2d 605; Code of Virginia, § 20-107, 1960 Rep. Vol., 1962 Supp.; 17 Am. Jur., § 700, pages 751, 752; 27A C. J. S., Divorce, § 240, page 1155.

A decree entered in a divorce suit approving a contract between the parties in lieu of alimony and for the settlement of property rights

of the parties is not a decree for alimony and the court has no jurisdiction in the divorce suit to enforce compliance with the contract. *Moore* v. *Crutchfield*, 136 Va. 20, 28, 116 S. E. 482; *Barnes* v. *American Fertilizer Co.*, 144 Va. 692, 714, 130 S. E. 902; *Henebry* v. *Henebry*, 185 Va. 320, 331, 38 S. E. 2d 320.

"A decree approving such a contract, unlike a decree for alimony, is not a lien upon the real estate of the husband, nor can it, like alimony, be enforced in the divorce proceeding." *Higgins* v. *McFarland*, 196 Va. 889, 895, 86 S. E. 2d 168.

"A consent decree is a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the court, and is binding unless secured by fraud or mistake." *Barnes* v. *American Fertilizer Co.*, *supra*, 144 Va., page 720.

The act of placing the contract before the court was the act of Mary L. Durrett, the party requesting relief. In the contract she specifically requested that it be confirmed and approved by the court "as an award of alimony." Moreover, she entered no objection thereto prior to the entry of the decree ordering the payments thereunder as "not in lieu of alimony but *are* alimony payments." Code of Virginia, 1950, § 20-109.*

Mrs. Mary L. Durrett relies for support on *Jennings* v. *First National Bank of Williamson, et al.*, 116 W. Va. 409, 180 S. E. 772, 100 A. L. R. 494, where the court, two of five justices dissenting, held that a separation agreement providing for periodic payments to the wife for life, or until her remarriage, required payments from the husband's estate after his death, in the absence of provisions clearly indicating contrary intent.

The above case is not in accordance with the majority view, nor with our decisions.

In 17 Am. Jur., Divorce and Separation, § 700, page 751, citing a number of cases, including *Foster* v. *Foster*, *supra*, 195 Va., this is said:

"According to the weight of authority, a decree, granted in connection with an absolute divorce, for the regular periodical payments of alimony to the wife for her maintenance and support is terminated upon the husband's death, at least, in the absence of some stipulation in the order which would require payments after his death. In some jurisdictions, the court is deemed, in the absence of statute, to have

---

*It will be noted that Code, § 20-109 was amended in 1944, Acts 1944, page 397, and in 1948, Acts 1948, page 593, subsequent to our decision in *Gloth* v. *Gloth*, 154 Va. 511, 153 S. E. 879, 71 A. L. R. 700.

no power to require payments of alimony after the death of the husband, unless the order for payment is for the enforcement of a contract or stipulation between the parties. So, it has been held that a decree awarding alimony so long as the wife may live, even though security for the payment of the same has not been given pursuant to an order of court, terminates on the husband's death."

In no Virginia case has it been held, nor do any of our statutes provide, that alimony may extend beyond the life of the husband, in the absence of a stipulation or contract between the parties requiring payments after the husband's death. Here there was no such stipulation in the contract of August 1, 1947, nor embodied in the decree of the Circuit Court of Bath county. *Foster* v. *Foster, supra,* 195 Va., page 104. Cf. Virginia Code, 1950, § 20-109.

The legislature of Virginia, in 1954, Acts 1954, Chapter 234, amended Code, § 20-107, 1960 Rep. Vol., 1962 Supp., by providing that in a decree granted in a divorce proceeding, "(T)he court shall have no authority to decree support of children or alimony to continue after the death of the father or husband."

It is obvious from the record that Mary L. Durrett was afforded two distinct methods of compelling her husband to make provision for her support and maintenance. With the choice of remedies before her, she elected to pursue a remedy by way of alimony, rather than relying on the contract of August 1, 1947. She may have been prompted to seek the alimony allowance during her life, because of the attributes and legal effect of alimony hereinbefore mentioned. She was suffering from what she thought was an incurable disease; and, perhaps, did not expect to survive her husband. She got what she asked for, and ought not now be allowed to deny the meaning and effect of the decree in accordance therewith.

For the reasons stated, the decree of the trial court is affirmed.

*Affirmed.*