# Richmond

WILLIAM HOSEA MARTIN v. IRIS LOUISE (MOORE) MARTIN.

April 27, 1964.

Record No. 5755.

Present, Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*Herman A. Sacks* (*Sacks, Sacks & Kendall,* on brief), for the appellant.

*Herbert H. Bateman* (*Jones, Blechman, Woltz & Kelly,* on brief), for the appellee.

I'ANSON, J., delivered the opinion of the court.

This is an appeal by William Hosea Martin from an order holding him in contempt and sentencing him to six months on the State road force for his failure to comply with the provisions of a divorce decree confirming a "property settlement contract or agreement" between Martin and his former wife, Iris Louise Martin, which agreement was incorporated by reference and made a part of the court's decree.

Martin contends that the divorce decree was not one for the payment of alimony because it merely confirmed and approved the contract between the parties and did not order him to perform any of the obligations under the contract. Thus he argues that his failure to comply with the provisions of the contract did not violate the court's decree and the chancellor had no jurisdiction to hold him in contempt.

The agreement, executed by the parties on June 16, 1958, recited that they were living separate and apart and it was their desire to "finally and for all time settle and determine their property rights, all dower and curtesy rights, and any and all other rights existing between the parties that now or may in the future arise" by reason of their relationship as husband and wife. By its terms, the husband agreed to pay the wife a sum of money each week which would be sufficient to net her $45 per week after payment of Federal income taxes, as long as she remained unmarried and he shall live; and that he would purchase for the wife a certain home and have title conveyed to her in fee simple, but in the event he placed a deed of trust on the property to secure any unpaid portion of the purchase price, he, or his estate, would be liable for the full amount of the balance due. It was further provided that in any future action for divorce instituted by either party, each of them would ratify and confirm this agreement and request that it be made a part of any decree of divorce which might be entered.

On January 21, 1959, Mrs. Martin was granted a divorce, and the property settlement agreement was made a part of the court's decree in the following language:

"Further Decreed, that the property settlement contract or agreement made between the parties hereto on the 16th day of June, 1958, a copy of which agreement is attached hereto, is hereby confirmed by this Court and is made a part of this decree, and the parties hereto shall hereafter have no property rights or interest in the property of each other, real or personal, now held or hereafter acquired, or any rights or duties of support and maintenance, except as provided in. the said property settlement agreement."

The husband complied with the terms of the agreement for approximately two years, and when he ceased making the weekly payments and the payments on the note secured by a deed of trust, he was served with a notice to show cause why he should not be adjudged in contempt for failure to comply with the provisions

of the decree of January 21, 1959. After holding several hearings, the chancellor found Martin to be in arrears in the payments and ordered him to make all past due payments as provided for in the agreement, which had been confirmed and made a part of the court's decree. Later, upon Martin's failure to comply with the chancellor's order, he was held to be in contempt and was sentenced to a term on the State road force.

The pivotal question presented is whether a divorce decree confirming and approving an agreement which settled all property and marital rights between the parties and was incorporated by reference and made a part of the decree, is a decree for the payment of alimony that may be enforced by contempt proceedings when it does not specifically order the husband to comply with the provisions of the agreement.

In a long line of cases we have set out the differences in attributes and legal effect between decrees for alimony and those approving and confirming contracts between husband and wife for support and maintenance and settlement of their property rights.

We have repeatedly said that a decree of court, entered in a divorce suit, approving a contract between the parties for payments in lieu of alimony and for the settlement of property rights is not a decree for alimony, and the court has no jurisdiction in the divorce suit to enforce compliance with the contract. *Moore* v. *Crutchfield*, 136 Va. 20, 28, 116 S. E. 482, 484; *Barnes* v. *American Fert. Co.*, 144 Va. 692, 714, 130 S. E. 902, 908; *DeHart* v. *DeHart*, 164 Va. 455, 460, 180 S. E. 307, 310; *Henebry* v. *Henebry*, 185 Va. 320, 332, 38 S. E. 2d 320, 327.

A decree approving a property settlement agreement, unlike a decree for alimony, is not a lien upon the real estate of the husband, nor can it, like alimony, be enforced in a divorce suit. *Higgins* v. *McFarland*, 196 Va. 889, 895, 86 S. E. 2d 168, 172.

In the recent case of *Durrett* v. *Durrett*, 204 Va. 59, 62, 63, 129 S. E. 2d 50, 53, we again approved the above principles. There it was provided by the terms of the contract that the payments to be made for support and maintenance were alimony, and not in lieu thereof. The chancellor not only confirmed and approved the contract, which was referred to in the decree as an allowance of alimony, but went further and ordered and decreed that the payments specified in the contract be paid as alimony, and not in lieu of alimony.

Hence we held that the payments provided for in the divorce decree were alimony, and ceased upon the death of the husband.

'There is a conflict in the authorities dealing with the precise question here presented. However, the better rule, which is more in accord with our statements in the aforementioned cases concerning agreements settling marital and property rights, is that when such an agreement is confirmed and made a part of the divorce decree but the decree does not expressly order the husband to comply with the agreement, it is not a decree for the payment of alimony and a failure to perform the obligations under the agreement does not constitute a sufficient basis to hold the husband in contempt. *Plummer* v. *Superior Court*, 20 Cal. 2d 158, 124 P. 2d 5, 8; *Young* v. *Superior Court*, 105 Cal. App. 2d 65, 233 P. 2d 39, 51; *Kolmer* v. *Kolmer*, 13 Misc. 2d 313, 178 N. Y. S. 2d 258, 259, aff'd, 6 App. Div. 2d 1001, 177 N. Y. S. 2d 1009; 17A Am. Jur., Divorce and Separation, § 921, p. 106; Anno., 154 A. L. R. 443, 450, 479-483. See also *Davis* v. *Davis*, 213 N. C. 537, 196 S. E. 819. For cases holding to the contrary, see *Holloway* v. *Holloway*, 130 Ohio St. 214, 198 N. E. 579, 154 A. L. R. 439; and *Solomon* v. *Solomon*, 149 Fla. 174, 5 So. 2d 265.

Mrs. Martin argues that since the divorce decree confirmed the property settlement agreement and the court made it a part of its decree, it was an alimony decree even though there was no order directing payments to be made in accordance with the agreement, and Martin's failure to comply subjected him to contempt. She says that *Gloth* v. *Gloth*, 154 Va. 511, 153 S. E. 879, 71 A. L. R. 700, supports her argument.

The present case is not controlled by the decision in the *Gloth* case. There the court ratified and confirmed the property settlement agreement, which provided that the weekly payments to the wife were in lieu of alimony, made it a part of its decree, and decreed as the order of the court that Gloth pay to his wife $50 per week for the support and maintenance of herself and their child, and that he carry out all other provisions of the contract and property settlement. On appeal, this Court carefully pointed out that the chancellor went further than merely approving the contract and property settlement agreement by adopting it as a part of his decree *and decreeing and ordering* as its judgment that Gloth pay to his wife $50 per week for support and maintenance and carry out all the provisions of the contract and property settlement. Gloth was not held in contempt

of court for failure to comply with the terms of the contract and property settlement agreement, but for his failure to comply with the express terms of the decree ordering him to make the alimony payments for the support of his wife.

In the present case it is clear that the parties entered into the agreement to settle their property rights and the obligation of maintenance and support in lieu of alimony. The chancellor merely confirmed their agreement and made it a part of his decree of January 21, 1959, for the purpose of identification, but he did not adopt its provisions as his judgment and make it an operative part of the decree by ordering Martin to pay the amounts agreed upon by the parties. Indeed, there is nothing in the record to show that the wife asked that a decree for alimony be entered. Thus it cannot be said that it was the intention of the court or the parties that the provisions of the agreement be made a part of the decree to the extent that they were reduced to a final mandatory judgment, ordering and commanding Martin to make the agreed payments as alimony, so that a failure to perform would constitute contempt of court.

This conclusion is strengthened by the language of the decree, which reads: "[T]he parties hereto shall hereafter have no property rights or interest in the property of each other, real or personal, now held or hereafter acquired, *or any rights or duties of support and maintenance, except as provided in the said property settlement agreement.*" (Italics supplied.) Clearly this provision shows that the decree of the court was not one for alimony, and the husband owed no obligation to support the wife except as provided by their agreement.

Mrs. Martin was afforded two distinct ways of compelling Martin to provide for her maintenance and support. She could have pursued a remedy by way of an alimony decree, or by contract in lieu of alimony. *Durrett* v. *Durrett, supra,* 204 Va. at p. 64, 129 S. E. 2d at p. 54. See § 20-109[1], Code of 1950, 1960 Repl. Vol. Mrs. Martin elected to rely upon the contract in lieu of alimony. The court's decree of January 21, 1959, did not order Martin to comply with the provisions of the agreement and he cannot be held in contempt.

Mrs. Martin's final argument in support of the chancellor's contempt order is that Martin was estopped to raise the question of the

---

[1] § 20-109. "* * * [I]f a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony * * * shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree."

chancellor's power to hold him in contempt, since Martin had previously proceeded against her by contempt proceedings, alleging that she had violated the terms of their agreement. This argument is without merit. The court was without jurisdiction to hold either party in contempt because under the divorce decree neither party was ordered to comply with the agreement.

For the reasons stated, the order is reversed and the case dismissed.

*Reversed and dismissed.*