## Richmond

HARRY MASSEY SHOOSMITH, JR. v. MARGARET SHOOSMITH SCOTT, ETC.

September 2, 1976.

Record No. 750130.

Present, All the Justices.

*R. D. McIlwaine, III (Frederick T. Gray; Williams, Mullen & Christian,* on brief), for plaintiff in error.

*William C. Parkinson,* for defendant in error.

HARMAN, J., delivered the opinion of the court.

The trial court awarded Margaret Shoosmith Scott (Scott) a judgment for $7950.00 in her action against her former husband, Harry Massey Shoosmith, Jr. (Shoosmith), for accrued payments due Scott after July 1, 1972, under a property settlement agreement executed by the parties and confirmed by the chancellor in the final decree of May 20, 1959, divorcing the parties from the bonds of matrimony. Shoosmith's defense here, as in the trial court, is that he should be relieved of all payments accruing to Scott after July 1, 1972, because of amendments to Code §§ 20-109 and 20-109.1 adopted by the 1972 General Assembly. Acts, 1972, c. 482. The trial court, after the parties agreed that the sole issue was the constitutionality of the amendments, held that they violated the impairment of contract clauses of both the Federal and State Constitutions, U.S. Const. art. I, § 10; Va. Const. art. I, § 11, and awarded judgment to Scott. We granted a writ of error to review this ruling.

The provision of the agreement, which is the subject of the present controversy, reads as follows:

"From and after the first day of May, 1959, the Husband agrees that he, his assigns, executors or administrators will pay to the Wife the sum of Three Hundred & No/100 Dollars ($300.00) per month in semi-monthly installments on the 1st and 15th day of each month for her support and maintenance as long as the Wife shall live."

Shoosmith made these semi-monthly payments from May, 1959, until July 1, 1972, the effective date of the amendments to Code §§ 20-109 and 20-109.1. After the amendments these statutes, with the amendments appearing in italics, read:

§ 20-109

"Upon petition of either party the court may increase, decrease, or cause to cease, any alimony that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; provided, however, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree; *provided that if any former spouse, for whom provisions for alimony or support or maintenance have been made in such stipulation or contract whether entered into heretofore or hereafter, shall thereafter remarry, the court shall, upon such remarriage, order that such alimony or support or maintenance for such former spouse shall cease as of the date of such marriage, and upon the death of any such former spouse, the court shall order that no payment shall be made to the estate of such decedent on account of such provisions, unless such stipulation or contract otherwise specifically provides in the event of remarriage or death.*"

§ 20-109.1

"Any court may affirm, ratify and incorporate in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children. Where the court affirms, ratifies and incorporates in its decree such agreement or provision

thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree. The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying and incorporating an agreement as provided herein; *provided, however, that if such agreement provides for the maintenance of either of such parties, upon the remarriage of such party the court shall order that such maintenance shall cease as of the date of such marriage, and upon the death of such party the court shall order that no payment shall be made to the estate of such decedent on account of such provision, unless such agreement otherwise specifically provides in the event of remarriage or death.*"

Shoosmith argues that the control of marriage and divorce is an essential attribute of the state's sovereign power and is a reserved power of the state which cannot be questioned. He would have us draw an analogy in this field to the exercise of the reserved power of the state in public utility and carrier cases, and hold that the impairment clauses of the Federal and State Constitutions do not limit the state's right, by a subsequent exercise of those reserved powers, to abrogate a contract which was perfectly legal and valid when entered into.

He points to *Eaton* v. *Davis*, 176 Va. 330, 10 S.E.2d 893 (1940), where this court upheld a retrospective amendment to § 5111 of the 1919 Code permitting our courts to reopen and adjust alimony theretofore awarded in a final divorce decree. Prior to this amendment, the trial court could not later adjust an alimony award in a final decree unless that power was specifically reserved in the decree. *Brinn* v. *Brinn*, 147 Va. 277, 137 S.E. 503 (1927). We pointed out in *Eaton*, however, that no contract existed between the parties and declined to adopt the view that a final decree for future alimony created a vested property right. 176 Va. at 337, 10 S.E.2d at 896.

In the present case, however, the wife's right to alimony does not depend alone upon the final decree of divorce. Instead, her right arises from a property settlement agreement approved and confirmed by the chancellor in the final divorce decree. Such an agreement creates vested property rights in the parties by virtue of the judicial sanction and determination of the court; it is a final adjudication of the property rights of the parties; *Higgins* v. *McFarland*, 196 Va. 889, 894-895, 86 S.E.2d 168, 172 (1955); and it cannot be abrogated by subsequent legislative action.

*Affirmed.*