## Richmond

HARRY MASSEY SHOOSMITH, JR.V. MARGARET
SHOOSMITH SCOTT, ETC.

March 4, 1977.

Record No. 750130.

Present, All the Justices.

*Frederick T. Gray; R. D. McIlwaine, III (Williams, Mullen and Christian, on briefs), for plaintiff in error.*

*William C. Parkinson, for defendant in error.*

HARMAN, J., delivered the opinion of the court.

In our opinion in this case of September 2, 1976, 217 Va. 290, 227 S.E.2d 729, we affirmed the trial court's holding that the 1972 amendments to Code §§ 20-109 and 20-109.1 were unconstitutional. On October 18, 1976, we granted a petition for rehearing to the order entered on that opinion and reargument was heard on November 22, 1976.

In his petition for rehearing, Shoosmith, for the first time, relied upon Code § 20-110 [1] to buttress his argument that the General Assembly had the reserved power to abrogate the otherwise valid support and maintenance provision of the 1959

---

[1] Code § 20-110, prior to the general revision of Title 20 in 1975, provided:

"If any person to whom alimony has been awarded shall thereafter marry, such alimony shall cease as of the date of such marriage."

property settlement agreement between the parties. He points out that § 5111 of the 1919 Code was the predecessor to several sections in Title 20 of the present Code, including Code §§ 20-109 and 20-110 and that any agreement between husband and wife regarding alimony, counsel fees and suit money was not binding upon a divorce court prior to the reenactment, as amended, of Code § 5111 by the 1944 General Assembly.

The pertinent part of this reenactment, Acts 1944, c. 277, with the amendments appearing in italics, read as follows:

"1. Section 5111. Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, and upon decreeing that neither party is entitled to a divorce the court may make such further decree as it shall deem expedient concerning the estate and the maintenance of the parties, or either of them, and the care, custody and maintenance of their minor children, and may determine with which of the parents the children or any of them shall remain; and the court may, from time to time afterwards, on petition of either of the parents, or on its own motion or upon petition of any probation officer or superintendent of public welfare which petition shall set forth the reasons for the relief sought, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require; and upon petition of either party may increase, decrease, or cause to cease, any alimony that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; *provided however, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree. If any person to whom alimony has been awarded shall thereafter marry, such alimony shall cease as of the date of such marriage.* Upon the entry of a decree of divorce from the bond of matrimony, all contingent rights of either consort in the real and personal property of the other then existing, or thereafter acquired, shall be extinguished."

Thus, Shoosmith argues, while the 1944 amendments gave vitality to the parties' contract regarding alimony and support, and elevated its terms "above the jurisdiction of the divorce court", the same amendments appended a critical limitation — that alimony ceases upon remarriage.

After reargument, the court requested counsel to file supplemental briefs addressing several questions, including:

"Did paragraph numbered 1 of the agreement of May 13, 1959, and paragraph four of the decree of May 20, 1959, provide for alimony or a payment in lieu of alimony?"

In his supplemental brief, Shoosmith argues that the payments for support and maintenance are alimony because it was so "specifically designated" in the May 20, 1959, divorce decree.[2] To support his position, Shoosmith relies on *Durrett* v. *Durrett*, 204 Va. 59, 129 S.E.2d 50 (1963) and *Martin* v. *Martin*, 205 Va. 181, 135 S.E.2d 815 (1963), and points out that our earlier opinion in this case says:

"In the present case, however, the wife's right to alimony does not depend alone upon the final decree of divorce. Instead, her right arises from a property settlement agreement approved and confirmed by the chancellor in the final divorce decree. . ." 217 Va. at 292, 227 S.E.2d at 731.

In referring to the wife's contractual right to maintenance and support as alimony, our earlier opinion was in error. In *Martin* v. *Martin*, supra, Mr. Justice I'Anson, now our Chief Justice, speaking for the court, pointed out:

"In a long line of cases we have set out the differences in attributes and legal effect between decrees for alimony and those approving and confirming contracts between husband and wife for support and maintenance and settlement of their property rights.

"We have repeatedly said that a decree of court, entered in a divorce suit, approving a contract between the parties for

---

[2] Paragraph four of this decree provided:

"And it appearing that the parties have entered into a written agreement dated May 13, 1959, respecting property settlement, alimony and counsel fees, a copy of which is hereby filed, and the same appearing reasonable, the court doth ADJUDGE, ORDER and DECREE that the terms thereof be, and the same are hereby confirmed."

payments in lieu of alimony and for the settlement of property rights is not a decree for alimony, and the court has no jurisdiction in the divorce suit to enforce compliance with the contract. *Moore* v. *Crutchfield*, 136 Va. 20, 28, 116 S.E. 482, 484; *Barnes* v. *American Fert. Co.*, 144 Va. 692, 714, 130 S.E. 902, 908; *DeHart* v. *DeHart*, 164 Va. 455, 460, 180 S.E. 307, 310; *Henebry* v. *Henebry*, 185 Va. 320, 332, 38 S.E.2d 320, 327.

"A decree approving a property settlement agreement, unlike a decree for alimony, is not a lien upon the real estate of the husband, nor can it, like alimony, be enforced in a divorce suit. *Higgins* v. *McFarland*, 196 Va. 889, 895, 86 S.E.2d 168, 172.

"In the recent case of *Durrett* v. *Durrett*, 204 Va. 59, 62, 63, 129 S.E.2d 50, 53, we again approved the above principles. There it was provided by the terms of the contract that the payments to be made for support and maintenance were alimony, and not in lieu thereof. The chancellor not only confirmed and approved the contract, which was referred to in the decree as an allowance of alimony, but went further and ordered and decreed that the payments specified in the contract be paid as alimony, and not in lieu of alimony. Hence we held that the payments provided for in the divorce decree were alimony, and ceased upon the death of the husband.

"There is a conflict in the authorities dealing with the precise question here presented. However, the better rule, which is more in accord with our statements in the aforementioned cases concerning agreements settling marital and property rights, is that when such an agreement is confirmed and made a part of the divorce decree but the decree does not expressly order the husband to comply with the agreement, it is not a decree for the payment of alimony and a failure to perform the obligations under the agreement does not constitute a sufficient basis to hold the husband in contempt. *Plummer* v. *Superior Court*, 20 Cal.2d 158, 124 P.2d 5, 8; *Young* v. *Superior Court*, 105 Cal. App.2d 65, 233 P.2d 39, 51; *Kolmer* v. *Kolmer*, 13 Misc.2d 313, 178 N.Y.S.2d 258, 259, aff'd, 6 App. Div.2d 1001, 177 N.Y.S.2d 1009; 17A Am. Jur., Divorce and Separation, § 921, p. 106; Anno., 154 A.L.R. 443, 450, 479-483. See also *Davis* v. *Davis*, 213 N.C. 537, 196 S.E. 819. For cases holding to the contrary, see *Holloway* v.

*Holloway,* 130 Ohio St. 214, 198 N.E. 579, 154 A.L.R. 439; and *Solomon* v. *Solomon,* 149 Fla. 174, 5 So.2d 265." 205 Va. at 183-84, 135 S.E.2d at 816-17.

Here, the divorce decree approved the contract between the parties but did not incorporate the contract or order the husband to perform its obligations. It was not, therefore, an award of alimony. Rather, the decree was an approval of a private, bilateral contract based upon mutual consideration for payments in lieu of alimony. Like other private contracts, such contracts may not be impaired by legislative enactment. U. S. Const., Art. I, Sec. 10, Cl. 1; Const. of Virginia, Art. I, § 11.

As applied to the contract in this case, the 1972 amendments to Code §§ 20-109 and 20-109.1 were unconstitutional, and we reaffirm our holding sustaining the trial court's ruling.

*Affirmed.*