**In the Matter of Donald Eugene ALBIN, Bankrupt.**

**Donald Eugene ALBIN, Plaintiff-Appellant,**

v.

**Wanda Louise ALBIN, Defendant-Appellee.**

**No. 77–1882.**

United States Court of Appeals, Ninth Circuit.

Feb. 16, 1979.

SNEED, Circuit Judge:

This appeal is from a judgment of the United States District Court for the Eastern District of California reversing and remanding the judgment of a bankruptcy court. The district court held that appellant's debt to appellee was not dischargeable under § 17(a)(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7). Appellant asserts that his debt to appellee does not constitute alimony or payments for the support of wife or child, which § 17(a)(7) makes not dischargeable, but rather constitutes a property settlement which is dischargeable under § 17(a)(7). The bankruptcy court agreed with the appellant while the district court held for the appellee. We agree with the district court and, therefore, affirm.

I.

FACTS.

Appellant Donald E. Albin and appellee Wanda L. Albin were married on August 5, 1947 and lived together as a married couple until May 1970. In the process of dissolving their marriage, the parties, on June 6, 1970, entered into an agreement which provided, *inter alia,* that appellant would make certain "alimony and support" payments to appellee and the couple's children, who were in the custody of appellee. The agreement stated that it would be incorporated into any future divorce or maintenance decree and adopted Virginia law for its interpretation. The parties' divorce became final on June 2, 1971 and the portion of the June 6, 1970 agreement providing for "alimony and support payments" was incorporated in the final decree.

On the basis of an alleged change in circumstances, appellant sought modification of his obligations in the Virginia courts in November 1973. The Circuit Court for Prince William County, Virginia, denied his request on the ground that Section 20–109

Archibald M. Mull, III (argued), of Mull & Mull, Gerald F. Murray (argued), Sacramento, Cal., for plaintiff-appellant.

John M. Moulds, III, Sacramento, Cal., Kaletah N. Carroll (argued), Fairfax, Va., for defendant-appellee.

Before CHOY and SNEED, Circuit Judges, and KERR,* District Judge.

* Hon. Ewing T. Kerr, Senior United States District Judge for the District of Wyoming, sitting by designation.

of the Virginia Code [1] precluded modification of the decree.

In February 1974, appellee filed a petition to enforce a foreign decree in the proper Maryland Court, that state then being where the appellant resided. Appellant responded by petitioning for reduction of his alimony payments. The Circuit Court for Montgomery County, Maryland, held that the question of modification had been decided by the Virginia courts and that appellant's payments were not subject to modification. The court ordered the appellant to make the payments and indicated that the sanctions available to compel payment of alimony could be employed against the appellant.

Following the Maryland decision, appellant moved to California and again ceased making payments to appellee. Appellee took action pursuant to 42 U.S.C. § 659 [2] to levy execution against appellant's military pension in mid-1975. Appellant filed a petition in bankruptcy on October 9 of that year. The only creditor listed in his petition was appellee. The bankruptcy court, as already indicated, held that appellant's debt arose from a "property settlement" and was dischargeable. In reversing the bankruptcy court the district court held (1) that the Maryland court did not hold that appellant's obligation sprang from a "property settlement"; (2) that the substantive law of Virginia determines the rights and duties of the appellant and appellee under the final decree of divorce; (3) that the fact that these rights and duties were not subject to modification and arose from a contract did not compel their characterization as a "property settlement"; (4) that, measured by criteria of federal law appropriate in applying § 17(a)(7), the rights and duties imposed by Virginia law upon the appellee and appellant constitute alimony or payments for support of wife or child within the meaning of § 17(a)(7). Appellant's debt, therefore, was held not to be dischargeable.

Appellant attacks each of these positions in renewing before this court his effort to have his obligations characterized as arising from a property settlement. In addition, for the first time, appellant argues that § 17(a)(7) is unconstitutional because, in failing to make not dischargeable alimony payable to a husband, it creates a gender-based distinction violative of the Due Process Clause of the Fifth Amendment. We shall deal briefly with both prongs of appellant's argument.

## II.

### PROPERTY SETTLEMENT OR ALIMONY?

■ The district court is clearly correct with respect to the effect of the Maryland court's adjudication. Without regard to whether the payments required by the Virginia decree would under Maryland law

---

1. The version of Va.Code § 20–109 (1950) (amended 1972, 1975, 1977, and 1978) in effect in 1971 provided:

    *Changing alimony; effect of stipulations as to alimony.* Upon petition of either party the court may increase, decrease, or cause to cease, any alimony that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; provided, however, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to entry of the decree.

2. 42 U.S.C. § 659(a) (Pub.L. No. 93–647, § 101(a), 88 Stat. 2357 (1975)) (amended 1977) provides:

    Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

amount to alimony, the Maryland court concluded that the prior Virginia adjudication barred relitigation of the issue whether the support obligation was modifiable and indicated that the sanctions ordinarily available to Maryland courts for alimony arrearages also were available in the proceeding before it. *See, e. g., Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1909). Appellant can draw no comfort in this case from the Maryland decision.

■ The district court is also on the mark in looking to the substantive law of Virginia to determine the legal relations between the appellant and appellee imposed by their contract incorporated into the Virginia final divorce decree. *See, e. g., In re Alcorn,* 162 F.Supp. 206, 208 (N.D.Cal.1958). Federal bankruptcy law is not the source of these obligations; it takes them as it finds them and, when necessary, characterizes the legal relations existing between the parties for its own purposes. *See, e. g., In re Cox,* 543 F.2d 1277, 1280 (10th Cir. 1976) (Doyle, J., concurring); *In re Waller,* 494 F.2d 447 (6th Cir. 1974); *In re Avery,* 114 F.2d 768 (6th Cir. 1940).

■ Such characterization is necessary in this case. The district court employed proper criteria in performing its task of characterization when it said:

"In determining the dischargeability of the obligation, the courts look to: (1) whether the obligation terminates on the death or remarriage of the recipient spouse, (2) whether the obligation terminates on the death of the donor spouse, (3) if the payments are payable in installments over a substantial period of time, *Abrams v. Burg, supra,* [367 Mass. 617] at 747, [327 N.E.2d 745] (4) whether the obligation is enforceable by contempt, *Goggans v. Osborn,* (9th Cir. 1956) 237 F.2d 186, 189, [16 Alaska 451,] and (5) whether the payments were intended for the economic safety of the wife. *Remondino v. Remondino,* (1940) 41 Cal.App.2d 208, 214, [106 P.2d 437.]"

Record, at 240. *See In re Smith,* 436 F.Supp. 469, 475–76 (N.D.Ga.1977). *See generally* Annot., *Obligation under property settlement agreement between spouses as dischargeable in bankruptcy,* 74 A.L.R.2d 758 (1960); Annot., *Construction and application of provision of bankruptcy acts excepting debts for maintenance or support of wife or child from discharge,* 103 A.L.R. 722 (1936); Annot., *Bankruptcy as affecting alimony,* 39 A.L.R. 1283 (1925).

After an extensive review of Virginia authorities it concluded that, notwithstanding the fact that appellant's obligations were not subject to modification and would not terminate on the remarriage of the appellee, the debt of the appellant was not dischargeable by reason of § 17(a)(7) of the Bankruptcy Act. In reaching this conclusion the district court determined that the appellant's obligations would terminate on his death or the death of his wife, whichever occurs first, were payable over a substantial period of time, were enforceable by contempt, and were intended for the economic safety of the wife. Our examination of Virginia law indicates to us that the district court did not err. *See, e. g., Capell v. Capell,* 164 Va. 45, 178 S.E.2d 894 (1935); *Eaton v. Davis,* 176 Va. 330, 10 S.E.2d 893 (1940); *Durrett v. Durrett,* 204 Va. 59, 129 S.E.2d 50 (1963); *Martin v. Martin,* 205 Va. 181, 135 S.E.2d 815 (1964); *McLoughlin v. McLoughlin,* 211 Va. 365, 177 S.E.2d 781 (1970); *Shoosmith v. Scott,* 217 Va. 290, 227 S.E.2d 729 (1976), *aff'd on rehearing,* 217 Va. 789, 232 S.E.2d 787 (1977).

### III.

### CONSTITUTIONALITY OF § 17(a)(7).

■ Inasmuch as appellant did not raise his constitutional issues in the proceedings below we are not obligated to consider them on appeal. *See Singleton v. Wulff,* 482 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *United States v. Patrin,* 575 F.2d 708, 712 (9th Cir. 1978). *Accord, Bustamante v. Cardwell,* 497 F.2d 566, 558–59

(9th Cir. 1974). Moreover, because we incline toward an interpretation of § 17(a)(7) that would embrace alimony or maintenance or support payments to a husband, as well as such payments to a wife, we refuse to raise the matter *sua sponte.* *See Nuelsen v. Sorensen,* 293 F.2d 454, 462 & n.7 (9th Cir. 1961); *Werner v. United States,* 233 F.2d 52, 56 (9th Cir. 1956). A controlling decision on this matter should await an occasion in which the issue is raised in a timely fashion.

AFFIRMED.