## CIRCUIT COURT OF SCOTT COUNTY

Glenda Cox Wolfe

v.

Joe Bruce Wolfe

February 12, 1980

Case No. (Chancery) 1538

By JUDGE S. W. COLEMAN, III

Both counsel are in agreement that § 20-109 of the Code (1979 Cum. Supp.) precludes the court from entering any decree for spousal support, etc., the terms of which are not in accordance with the terms of a stipulation or contract between the parties. However, counsel for the defendant contends that § 20-109.1 of the Code (1979 Cum. Supp.) as enacted in 1979 gives the court the discretion to affirm or ratify any valid agreement between the parties and to incorporate the same in a decree but argues that the same is not mandatory. In addition, the defendant contends that the agreement is invalid. Counsel for the complainant contends that the court is without discretion to affirm, ratify and incorporate by reference the agreement in the decree and that it is mandatory that the decree incorporate the agreement.

The intent of the two statutes appears clear and unambiguous. § 20-109 is restricted to spousal support, suit money or counsel fees or other matters directly affecting just the parties' rights and not those of others. Thus, § 20-109 gives recognition to the right of the parties to legally bind themselves as to those specific issues

and precludes the court from thereafter entering any decree inconsistent with their bilateral agreement on those issues. However, § 20-109.1 of the Code encompasses agreements between the parties that include not only spousal support, etc. but may include other rights involving care, custody, and control of children, etc. There are many matters over which the parties cannot bind the court, and for those reasons Section 20-109.1 must be discretionary rather than mandatory since the court may make rulings inconsistent with the agreement rendering affirmation, ratification and incorporation by reference in the decree inconsistent and impossible. However, while incorporation of the entire agreement may be impossible or impractical, on the issue of spousal support, and maintenance, suit money, etc. Section 20-109 still controls and precludes the entry of any decree inconsistent with any valid agreement between the parties on those particular issues. Thus, while Section 20-109.1 is necessarily discretionary, § 20-109 precludes the court from taking any action contrary to its mandate.

Therefore, to resolve the issues raised the court must first determine whether the agreement is valid. If so, the court must then determine whether the agreement pertains and is limited to only those items which the parties may legally bind themselves or whether there are issues to be resolved by the court. If the latter, then before the agreement can be incorporated by reference, the court must determine whether to make any findings inconsistent with the provisions in the agreement; if the former, then the court must determine whether to affirm, ratify and incorporate the agreement into the decree so as to facilitate enforcement or to leave the parties to their other means of enforcement of the contract. *See Shoosmith* v. *Scott,* 217 Va. 789, 232 S.E.2d 787 (1977). If the agreement includes issues not binding upon the court and the court makes findings inconsistent with the agreement, obviously the court will not affirm or ratify the agreement pursuant to § 20-109.1; if, however, the court's rulings are consistent with the agreement or the court finds them to be fair and equitable it may ratify and affirm and incorporate the provisions in a decree. Obviously, the agreement may and very often will include matters, such as custody or child support, which

may not be approved and ratified by the court, but may include provisions for spousal support, etc. which will bind the parties and preclude the court from entering a decree contrary to their stipulation under § 20-109.

The defendant contends that the court should not ratify, affirm and incorporate the agreement into a decree because the agreement is not a "valid agreement" for the reason that it is inequitable and unfair, that the defendant was not given an opportunity to seek legal counsel, that the defendant did not understand the terms of the agreement, and for mistakes of law and fact. The defendant is seeking to have the court rescind the contract and declare it invalid and unenforceable on the grounds of fraud, coercion, mistake or duress. Having reviewed the evidence, the defendant raises no question as to the custody and support provisions and appears to raise no question about the provisions pertaining to providing for the possession of the house but asserts that he was mistaken as to the provisions and legal effect as to what would be required of him should the wife vacate the house or remarry and how long he would be required to furnish his wife an automobile. Both parties, in their evidence, state that the intention of the parties was that he only be required to make payments on her vehicle until the divorce was final. The court is of the opinion that the evidence of the defendant fails to establish that the contract resulted from fraud, coercion, duress or mistake. Accordingly, the court is of the opinion that the separation agreement is valid and enforceable and to the extent that the provisions pertaining to the vehicle are ambiguous the parol evidence in the record clarifies those provisions.

Having determined that the agreement is valid and enforceable, the court must next consider whether any of the provisions therein are contrary to any findings or rulings of the court on such issues as custody, child support or visitation which would preclude the court from ratifying, affirming or incorporating all the terms of the agreement in its decree by virtue of § 20-109.1 of the Code. The court is of the opinion that the terms of the agreement adequately provide for the support of the children and the provisions for custody and visitation are not in conflict with the best interests of the children and no cause exists to preclude ratification of the agree-

ment and incorporation in the final decree. Accordingly, the court will propose to affirm and ratify the agreement and to incorporate its provisions in a final decree.

It should be noted that the evidence before the court fails to corroborate jurisdiction pursuant to § 20-97 of the Code that either of the parties is domiciled in and is and has been a bona fide resident of the Commonwealth for more than six months prior to the institution of the suit. It will be necessary to supplement the proof to correct the omission and upon doing so, counsel for the complainant shall prepare an appropriate decree.