## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Kathleen McCarthy Adams

v.

Bobby Dan Adams

August 21, 1991

Case No. 88-133

By JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the court had authority to award a judgment for support arrearages in the final decree of divorce entered on August 1, 1991.

Mrs. Adams instituted this suit for divorce on September 28, 1988. Mr. Adams accepted service and waived further notice of proceedings, as permitted by Virginia Code Section 20-99.1:1. He filed no responsive pleadings and did not participate in the litigation. Depositions were taken on behalf of Mrs. Adams on July 24, 1991, and a sketch final decree was tendered on August 1, 1991. The court entered the decree that day.

The decree *affirms, ratifies, and incorporates* the parties' separation and property settlement agreement dated November 1, 1987. In addition, based on undisputed evidence in the depositions, the court found Mr. Adams in arrears with respect to his support obligations and awarded Mrs. Adams a judgment for such arrearage.

Although Mr. Adams did not involve himself in this litigation during its three-year history, it appears that he retained Mr. Rawlings to "monitor" the case so that no orders or decrees would be entered to his prejudice. When Mr. Rawlings learned that Ms. Sutton, for Mrs. Adams, planned to submit a sketch final decree on August 1st, he attempted unsuccessfully to contact Mr. Adams. Now,

he asks the court to reconsider the judgment award contained in that decree.

Mr. Adams contends that the court had no authority to approve and incorporate an agreement *and* award a judgment for arrearages based on that agreement in the same decree. The court must first specifically order compliance with the agreement, he says, and only thereafter may the court "enforce" compliance.

Virginia Code § 20-109.1 authorizes the court to "affirm, ratify and incorporate by reference" in a divorce decree "any valid agreement between the parties . . . concerning the conditions of the maintenance of the parties or either of them and the care, custody and maintenance of their minor children. . . ." The statute goes on to provide: "Where the court affirms, ratifies and incorporates by reference in its decree such agreement . . . it shall be deemed for all purposes to be a term of the decree and enforceable in the same manner as any provision of such decree."

A distinction is made between marital agreements that are merely "affirmed" or "approved" in the decree and those that are "incorporated" in the decree by reference. In the former, the decree is an approval of a private contract and may not be enforced in the divorce suit, whereas in the latter situation the divorce court may enforce the agreement (including, if necessary, the sanction for contempt). *Shoosmith v. Scott*, 217 Va. 789 (1977); *Rodriguez v. Rodriguez*, 1 Va. App. 87 (1985).

In *Doherty v. Doherty*, 9 Va. App. 97 (1989), the Court of Appeals said, in a similar case: "Without the order to comply, the sanction for contempt is not available and the remedy for noncompliance with the contract is by assumpsit in an action at law." Mr. Adams asks the court to construe this statement as a holding that a divorce decree must incorporate the agreement and, in addition, must expressly and specifically order the respondent "to comply" before the divorce court can enforce the terms of a marital agreement. Such an interpretation of that language would be at odds with *Shoosmith v. Scott, supra,* and inconsistent with the above-quoted provision of Section 20-109.1. In short, when a marital agreement is *incorporated by reference in the decree*, it is deemed *for all purposes* to be a *term of the decree.* That, in a nutshell, is the

important distinction between "approving" or "affirming" an agreement and "incorporating" an agreement by reference in the decree. By "incorporating" the agreement in the decree, the court orders compliance.

There is no good reason why, under the circumstances of this case, the court could not establish the arrearage and enter judgment for that arrearage in the same decree which incorporated by reference the agreement on which underlying support obligations are based. The court was not asked to impose any enforcement sanctions, such as use of its contempt power, or to take any other steps to deal with the respondent such as authorized in § 20-113. Instead, the court did nothing more than grant the relief sought by Mrs. Adams in her bill, never disputed prior to the entry of the final decree by Mr. Adams, as authorized by § 20-109.1.

For these reasons, the motion to reconsider, argued on August 20, 1991, will be denied.