*30 BENTON, Judge,
dissenting.
I concur in the portions of the opinion styled BACKGROUND and CONSENT DECREE. I do not agree, however, with the ruling that the trial judge’s error was harmless or with the portion of the opinion styled MATERIAL CHANGE IN CIRCUMSTANCES.
When the parties divorced, they agreed that their children would live with the father and that the mother and father would have “joint custody.” The children live with their father, whose income is in excess of $100,000. No evidence proved the children have financial need.
The father initiated this proceeding based upon his claim that the mother refused to pay for an automobile for the daughter and other bills. However, the consent decree does not require the mother to pay for an automobile or other general expenses the father incurs while the children are in his physical custody. The consent decree specifically states that “néither party will pay the other any child support” and “that each party shall split equally all un-reimbursed medical bills.”
The father testified as follows concerning medical bills:
Q Are there any other bills?
A Doctor bills and dental bills.
Q Have you submitted them through counsel?
A No.
Q So you haven’t submitted or asked [the mother] to pay those at this time?
A No, I have not asked her to pay them.
Clearly, the mother’s failure to pay for the daughter’s automobile and the medical bills she had not received could not give rise to a change in circumstances.
The undisputed evidence proved that the mother has attempted to maintain visitation with her children. However, the sixteen-year-old daughter refuses to visit the mother. The mother continues to visit the son, but her visits are limited *31 because of the son’s and the father’s schedules. The evidence clearly established that the children’s schedules and their wishes have caused changes in the mother’s visitations. In any event, as the majority recognizes, those issues do not justify a change in the support provisions of the consent decree.
The consent decree resolved issues of custody, payments of expenses for the children, and provided that “neither party will pay to the other any child support.” Nothing in the consent decree states that the agreement the parties reached was premised upon the mother’s gross or net income or upon a consideration of her economic circumstances. Moreover, the trial judge did not make a finding of fact that the mother’s remarriage improved her financial condition or her ability to pay child support. Indeed, on this record the trial judge could not have made such a finding because the only evidence of economic impact was as follows:
Q Now you are married; are you not?
A Yes____
Q Well, [your husband] helps you to pay some of the bills, doesn’t he?
A Yes, he does.
Q So your expenses are less now than they were before you got married, correct? Because he helps pay the bills?
A Well, actually it could be wrong in somebody else’s eyes, but I maintain what I usually did now, and he maintains what he had from before. So I still pay the bills, but he has income; yes, he does.
Q He helps you pay some bills from the home?
A Like I say. I still continue to pay bills from before.
Q What bills does he pay?
A He has child support, he has to run his business expenses through. I, as I say, we don’t—I don’t know his income. We haven’t been married that long. He maintains what he did before, and I guess whatever he makes over and above goes into savings for us both. That’s all I know.
*32 Q Do you have a joint checking account?
A Yes.
Q And he puts money into that joint checking account?
A No.
Q He doesn’t put money in the joint checking account?
A He has occasionally. No—well, he gives me money for his child support, yes, he does that. And he has his own checking account.
Q It’s your testimony he never gives you money or puts it in that account?
A I did not say never. I say occasionally he has given me money for child support, and because I have had a lot of bills coming in lately for different things, he helps me pay that---- Basically I still pay the bills -with what I have, yes. And everything else has stayed in his account.
This evidence did not prove a change in the mother’s financial circumstances sufficient to justify a change in the consent decree.
In reaching its decision, the majority also states that the mother’s “failure [to help with the children’s expenses] was properly considered by the trial court in meeting the threshold burden of showing a material change in circumstances.” However, the trial judge did not and could not make a finding that the mother was obligated to pay expenses for the children that were not ordered in the consent decree. “ ‘A consent decree is a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the Court, and is binding unless secured by fraud or mistake.’ ” Durrett v. Durrett, 204 Va. 59, 63,129 S.E.2d 50, 53 (1963) (citation omitted). Thus, to the extent that the parties had an oral agreement regarding child support, it was supplanted by the consent decree.
In the present suit, there is no reason to construe the contract and to ascertain the intention of the contracting parties. The agreement of the parties is only incidentally involved, because, insofar as its effect on the divorce suit is concerned, the contract provisions pertaining to child sup *33 port were supplanted by subsequent court orders in the divorce suit dealing specifically with that subject.
Eaton v. Eaton, 215 Va. 824, 827, 213 S.E.2d 789, 791 (1975). Indeed, the consent decree specifically states “that neither party will pay to the other any child support” and “that each party shall split equally all un-reimbursed medical bills.” I find no basis to conclude that the mother was obligated to make any other payments and that her refusal to pay for an automobile for the sixteen-year-old child could be considered as a change in circumstances.
The trial judge’s finding that the father proved a change in circumstances because the mother “has remarried and has used her current spouse’s' income to help pay her expenses” is tantamount to holding that the mother’s new spouse must support the mother’s children. Although the majority disavows requiring the mother’s new spouse to support her children, the effect of the ruling is precisely that. Indeed, on the facts of this case, the majority’s ruling, that “the remarriage of mother and the related economic impact of her remarriage may be considered a ‘material’ change in circumstances justifying modification of the agreed amount of child support,” opens the door to requiring every spouse to contribute to the support of the other spouse’s children from a previous marriage. This decision is contrary to the well established principle that the mother’s new husband has no obligation to support the mother’s children from a prior marriage. See T ... v. T ..., 216 Va. 867, 869, 224 S.E.2d 148, 150 (1976). NPA v. WBA 8 Va.App. 246, 249, 380 S.E.2d 178, 180 (1989).
The circumstances relied upon to justify a modification in the consent order are not material to support and do not justify a change in support. For these reasons, I would hold that the evidence failed to prove the mother’s re-marriage, her refusal to pay non-medical expenses, and the changes in visitation are material changes in circumstances that justified a change in child support.