**J. Edgar WILLIAMS, Appellant,**

v.

**Loreta W. WILLIAMS, Appellee.**

**No. 82–1257.**

District of Columbia Court of Appeals.

Argued Sept. 7, 1983.

Decided Feb. 23, 1984.

Donald W. Hamaker, Washington, D.C., for appellant.

Robert J. Brooks, Washington, D.C., for appellee.

Edith U. Fierst, Washington, D.C., filed brief, for Ass'n of American Foreign Service Women, et al. as amicus curiae.

Stanley S. Harris, U.S. Atty., at time brief was filed, J. Paul McGrath, Asst. Atty. Gen., William Kanter and Freddi Lipstein, Attys., Dept. of Justice, Washington, D.C., filed brief, for U.S. as amicus curiae.

Before NEBEKER and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

Appellant, a retired member of the United States Foreign Service, contests the award of a portion of his retirement benefits to appellee, his ex-wife. The trial court granted appellant a judgment of absolute divorce and merged into the decree a previ-

ously executed "separation and property settlement agreement," but concluded that appellee's "release of all claims" therein did not apply to her newly asserted interest in appellant's retirement benefits because of a post-agreement statutory enactment.[1] It is only this portion of the trial court's decision that appellant challenges.[2]

Appellant argues primarily that the separation agreement waived appellee's right to a share in his retirement annuity and survivor benefits, and that the Foreign Service Act provisions were not intended to disturb retroactively the contractual obligations of the parties under the settlement agreement.[3] Finding this argument unpersuasive, we affirm.

At issue in this appeal is the impact of 22 U.S.C. § 4054(a)(1) and (b)(1) on the waiver language contained in the property settlement agreement. The statutory provisions created an entitlement in a former spouse to a portion of a participant-foreign service employee's survivor and retirement benefits. It is not disputed that the provisions would apply in the absence of the settlement agreement.

The trial court awarded appellee two-thirds of her statutory, pro rata share of appellant's benefits upon merging the settlement agreement into the divorce decree. The trial court found that the waiver language contained in the settlement agreement only applied to then known and existing rights, and not to an interest in appellant's benefits created by the subsequent legislation.

## I

Appellant and appellee were married on December 15, 1965. Throughout their marriage, appellant was employed by the State Department as a foreign service officer. In December 1979, the parties determined formally to separate in contemplation of divorce. A draft of a separation and property settlement agreement was forwarded to appellee that same month. During the next two months the parties discussed the contents of the agreement and made specific changes. A final draft was executed by appellant on February 29, 1980. Appellee then signed the agreement on April 7, 1980.

1. The Foreign Service Act of 1980, 22 U.S.C. § 4041, et seq. (Supp. IV 1980) amended prior law in two pertinent respects: it provided former spouses of foreign service employees with an interest in a participant's retirement and survivor annuities.

22 U.S.C. § 4054(a)(1) states:
Unless otherwise expressly provided by any spousal agreement or court order . . ., a former spouse of a participant or former participant is entitled to an annuity—
(A) If married to the participant throughout the creditable service of the participant, equal to 50% of the annuity of the participant; or
(B) If not married to the participant throughout such creditable service, equal to that former spouse's pro rata share of 50% of such annuity.

22 U.S.C. § 4054(b)(1) states:
Subject to any election under Section 4046(b)(1)(c) of this title and unless otherwise expressly provided by any spousal agreement or court order under Section 4060(b)(1) of this title, if a former participant who is entitled to receive an annuity is survived by a former spouse, the former spouse would be entitled to a survivor annuity—

(A) If married to the participant throughout the creditable service of the participant, equal to 55% of the full amount of the participant's annuity, as computed under Section 4046(a) of this title; or
(B) If not married to the participant throughout such creditable service, equal to that former spouse's pro rata share of 55% of the full amount of such annuity.

2. At oral argument, appellee moved to dismiss her cross appeal, which had been consolidated with the instant appeal. *See Williams v. Williams,* No. 82–1321. An appropriate order dismissing that appeal has been entered.

3. Alternatively, appellant argues that interpretation of the statute to permit retroactive alteration of the terms of the settlement agreement is unconstitutional and in violation of the due process and taking clauses of the Fifth Amendment. Because of our resolution of this appeal on the ground that the settlement agreement waiver is by its terms limited to rights existing in April 1980, and thus is not affected by subsequent events, we do not reach the constitutional claim. *See, e.g., Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

The trial court found that the separation agreement was a "valid post-nuptial agreement disposing [of] the property of the spouses." The trial court also found that the parties executed the agreement knowingly, intelligently and without coercion.

By its terms, the agreement contemplates a resolution of all matters arising out of the marital relationship. It dictates that the parties mutually desire "to settle . . . all personal matters arising out of their marital status, and to leave no matters so arising unsettled." The agreement itself contains two assertedly pertinent waiver and release clauses. Clause 9 states that each party agrees to a general release:

> Each party hereby waives and releases to the other any and all claims that she or he may or might have, or claim to have, against the other, by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this agreement, except as otherwise provided herein.

Clause 13 waives and releases the parties' rights to certain expectancies:

> Each party hereby waives, renounces and releases any and every statutory right or election as surviving spouse to take, claim, demand, or receive any share or part of the estate of the other party hereto, or to serve as a personal representative of the other spouse in any such estate. Each party agrees that he or she will share in the other's estate only as provided in the Will and Testament of the other party. The parties agree to execute any papers necessary to effectuate this promise.

Appellant claims that by this language the parties each waived and released any interest in the other's retirement benefits, including lifetime annuities and survivor benefits. It is asserted that Clause 9 releases all "claims," encompassing annuities; and that Clause 13 releases all rights to any expectancies, including survivor benefits. We disagree.

## II

The validity of the settlement agreement is not at issue. What is contested, however, is the scope of the waiver contained in the agreement. The trial court did not invalidate any portion of the settlement agreement, but held that the waiver clauses did not apply to a then non-existent right subsequently created by statute. We agree with this analysis.

At the outset, we note that appellee's entitlement to a pro rata share of her husband's retirement and survivor annuities under the Act was established after the adoption of the settlement agreement and before entry of the divorce decree. This chronology of events establishes appellee's eligibility for a share of her former spouse's retirement annuities.[4] Further, the Act itself states that this entitlement is fixed "[u]nless otherwise *expressly* provided by any spousal agreement or court order." 22 U.S.C. § 4054(a)(1). [Emphasis added.] Neither party claims that there was an "express" waiver of this statutory entitlement.

Appellant's argument that the waiver language implicitly extended to cover a subsequent statutory enactment is misplaced. Here, the parties agreed to settle all matters between them *only* "to the date of this [settlement] agreement," in April 1980. The marital relationship continued for more than three years before the parties were divorced, by which time the Act had become effective and appellee had become entitled to a portion of appellant's benefits. *Alves v. Alves,* 262 A.2d 111 (D.C.1970), is not to the contrary, for there we held only that an agreement intended as a final settlement of property rights and claims is binding on the parties. The creation by statute of a spousal entitlement subsequent to this property settlement agreement and

---

4. The chronology of events was as follows:
April 1980: Separation agreement.
February 1981: The Act became effective.
August 1981: Appellant retired.
April 1983: Entry of divorce decree.

before entry of a divorce decree cannot be erased by a waiver clause limited to claims extending only to the date of the settlement agreement itself.

*Affirmed.*