**Richmond**

JUDITH A. BRAGAN

v.

DELL M. BRAGAN

No. 0723-85

Decided August 4, 1987

COUNSEL

David L. Duff (Connor, Duff and Cyron, on brief), for appellant.

Philip Schwartz (Thomas Q. Sullivan, Schwartz and Ellis, Ltd., on brief), for appellee.

OPINION

**BARROW, J.** — This appeal of a divorce decree questions whether a release of future claims executed before the adoption of Code § 20-107.3 bars a monetary award in a divorce decree entered after the adoption of Code § 20-107.3. We conclude that it does and affirm the trial court.

After separating, the parties entered into a property settlement agreement which contained a provision, releasing all existing and future claims to real or personal property of the other.[1] Code §

---

[1] 4. MUTUAL RELEASES:

A. Of all existing claims: Except as otherwise stated in this Agreement, each party has released and discharged, and by this Agreement, does for herself or himself, and her or his heirs, legal representatives, executors, administrators and assigns, release and discharge the other of and from all causes of action, claims, rights or demands whatsoever, in law or in equity which either of the parties ever had or now has against the other, *except* any cause of action arising out of a breach of this Agreement.

B. Of all existing and future claims to real or personal property of the other: Each party does further waive and release each other and bar themselves from any and all claims which either now has or may hereafter acquire in any real or personal property of the other or interest therein, now owned or that may hereafter be acquired by either of the parties hereto.

C. Of all claims of dower, curtesy or right to inherit property of the other by intestacy or by will: Each party does further waive and release each other and bar themselves from any and all other claims of dower, curtesy, right to inherit property by the laws of intestacy, right to take by the will of the other or right to take against the will of the other and the right to act as administrator or executor of the estate of the other.

\* \* \*

9. PRESENTATION TO COURT:

In the event either party shall institute divorce proceedings, this Agreement shall be submitted to the Court for its approval, ratification and incorporation in the decree pursuant to § 20-109.1, 1950 Code of Virginia, as amended, or pursuant to the law of any competent jurisdiction where such divorce action might be initiated. Neither party shall

20-107.3 was not in effect at the time the agreement was signed; however, it was in effect before the bill of complaint for divorce was filed. The wife contends that she is entitled to a monetary award under Code § 20-107.3 based on the value of the husband's interest in a pension plan which was not expressly provided for in the property settlement agreement. She asserts that, since the release addressed existing rights and not rights thereafter acquired it does not bar her right to such an award.

However, the language of the release does address rights acquired in the future as well as existing rights. Although subparagraph A is limited to existing rights, subparagraph B applies to rights acquired in the future. In subparagraph B the wife released the husband from "any and all claims" which she "may hereafter acquire" in his property. Any claim she acquired to a monetary award based on the husband's interest in his pension plan was one acquired after the execution of the separation agreement and was, therefore, encompassed within the reference to future claims.

■ Policy considerations also favor this construction of the release. Virginia law encourages "[v]oluntary, court-approved agreements" to promote prompt resolution of disputes concerning marital property rights in a divorce case. *Morris v. Morris*, 216 Va. 457, 459, 219 S.E.2d 864, 867 (1975). This same policy has prompted courts of other states to conclude that a release of claims contained in a separation agreement entered into prior to the enactment of an equitable distribution statute is a bar to relief under the new statute. *See Boss v. Boss*, 107 Misc. 2d 984, 436 N.Y.S.2d 167 (1981); *Morris v. Morris*, 79 N.C. App. 386, 339 S.E.2d 424 (1986); *Cator v. Cator*, 70 N.C. App. 719, 321 S.E.2d 36 (1984); *Wolfe v. Wolfe*, 341 Pa. Super. 313, 491 A.2d 281 (1985).

In the separation agreement the parties sought to resolve their disputes concerning their marital property rights. Both parties agreed that they would not seek "provisions for support or division of property in addition to or in substitution of the provisions in this Agreement in a decree of divorce." Their intent would be thwarted if the wife is now permitted to repudiate her release.

seek in any such decree to include any provisions for support or division of property in addition to or in substitution of the provisions in this Agreement.

■ A subsequent change in the law does not justify the unilateral rejection of an agreement. A *quid pro quo* of entering into a comprehensive agreement is the "possibility that the law may change in one's favor." *Boss*, 107 Misc. 2d at 986, 436 N.Y.S.2d at 168-69. To give this release a more restrictive impact would "impermissibly open up to attack many separation agreements entered into before the effective date" of a change in the law. *McArthur v. McArthur*, 68 N.C. App. 484, 486, 315 S.E.2d 344, 345 (1984).

The authority relied on by the wife fails to persuade us to take a different approach. One case she relies on held that a release, similar to paragraphs 4A and 4C of this agreement, did not bar the provisions of the Foreign Service Act, providing a spouse with an entitlement in the other spouse's retirement benefits "[u]nless otherwise *expressly* provided by any spousal agreement or court order." *Williams v. Williams*, 472 A.2d 896, 898 (D.C. 1984)(citation omitted)(emphasis in original). Since Code § 20-107.3 contains no parallel provision and since the release in that case lacked the language contained in paragraph 4B of this agreement, the rationale of that decision is not applicable to this case.

She also refers to the proposition that in order to waive a right conferred by law one "must have knowledge of his rights and . . . must intend to waive them." *Woodmen of the World Life Ins. Society v. Grant*, 185 Va. 288, 299, 38 S.E.2d 450, 454 (1946). She argues that she had no knowledge of the future change in the law and, therefore, could not have intended to waive her rights under the new law. The principle she relies on is applicable to an existing right and the necessity to have knowledge of the facts giving rise to such a right. *See id.* It does not apply to future rights created by changes in existing law. For the foregoing reasons we conclude that the release of future claims contained in the parties' separation agreement entered into before the adoption of Code § 20-107.3 bars a monetary award in a divorce decree entered after the adoption of Code § 20-107.3. Therefore, the trial court's judgment is affirmed.

*Affirmed.*

Benton, J., and Cole, J., concurred.