**Richmond**

NANCY W. HIMES

v.

PHILEMON W. HIMES

No. 0150-90-2

Decided July 16, 1991

Counsel

Judith B. Anderson (Judith B. Anderson; McGuire, Woods, Battle & Boothe, on briefs), for appellant.

Neil Kuchinsky, for appellee.

Opinion

COLEMAN, J.—The issue presented by this domestic relations appeal is whether the Uniform Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408, enacted by Congress in 1983, enables a party to reopen a divorce proceeding in order to litigate the equitable distribution issues pertaining to a military pension, despite the fact that the parties had executed a valid release of all property claims. In 1982, the trial court entered a final divorce decree incorporating a contractual provision by which each party released and surrendered future claims to the property of the other. We hold that, even assuming the USFSPA enabled Virginia courts to reclassify the former husband's military pension as marital property and, even if Virginia civil procedure provided a mechanism which permitted a party to reopen a suit in order to reconsider an issue because the federal law was changed retrospectively, nevertheless, the validly executed release and surrender

of rights between the parties bars Mrs. Himes' claim that she is entitled to share in her former husband's military pension. Accordingly, we affirm the decision of the trial court.

Nancy and Philemon Himes were married in 1951, the same year Mr. Himes joined the United States Air Force. He remained in the service until 1976. The parties were divorced on September 8, 1982, and the court incorporated into the decree a separation agreement dated July 17, 1981, which contained a mutual release of all rights to the property owned or acquired by the other.[1] Effective July 1, 1982, the legislature enacted Code § 20-107.3, authorizing for the first time in Virginia the granting of a monetary award to equitably distribute the marital wealth which the parties may have accumulated. However, the General Assembly provided that this legislation would not affect pending litigation. Acts of Assembly 1982, ch. 309, cl. 3. The bill of complaint in this case was filed on July 7, 1982, after the effective date of Code § 20-107.3. Neither the decree nor the agreement specifically mentioned Mr. Himes' military pension.

When the trial court entered its decree and when the parties executed their agreement, the decision in *McCarty v. McCarty*, 453 U.S. 210 (1981), controlled the ownership of military pensions. In *McCarty*, the United States Supreme Court had held that military pension benefits were a "personal entitlement" of the member of the military, and, therefore, were not personal property subject to distribution under state laws. *Id.* at 226-27. In response to the *McCarty* decision, Congress enacted the Uniform Services Former Spouses' Protection Act, effective February 1, 1983,

---

[1] The release states:

Except as herein provided, the Husband forever releases and surrenders all of his right, title and interest whether marital or otherwise, in and to the personal and real estate now owned or hereafter acquired by the Wife, and the Wife forever releases and surrenders all of her right, title and interest, whether marital or otherwise, in and to the personal and real estate now owned or hereafter acquired by the Husband. Subject to the terms and conditions hereof, neither the Husband nor Wife shall have or acquire any right, title or interest in or to the property of the other, whether now owned or hereafter acquired, and each shall hold all real and personal property which he or she may now own or hereafter acquire or have any interest in, free from any claims or right of curtesy or dower, as the case may be, inchoate or otherwise, as though no marriage had ever taken place between them, and each agrees that he or she will hereafter execute or join as a party in any instrument that may be requested by the other, or by his or her heirs or assigns, for the purpose of divesting any claim or right of curtesy or dower, as the case may be, inchoate or otherwise, in any such property or for the purpose of perfecting a clear title to such property.

which permitted military pension benefits payable after June 25, 1981, to be treated as personal property according to the laws of individual states:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such a court.

10 U.S.C. § 1408(C)(1). The USFSPA authorizes states to classify military retirement benefits payable after June 25, 1981, as property of the service person and/or his spouse according to state law of the jurisdiction which controls the issue in dispute.

Mrs. Himes contends that due to the enactment of USFSPA, she is entitled to a modification of the separation agreement and the decree and is entitled to an equitable share of Mr. Himes' military pension, because the benefits affected by their divorce decree fall within the time period specified by the act, and because military pension benefits are considered marital property subject to a monetary award or distribution in Virginia under Code § 20-107.3(A)(2), and under the decision in *Sawyer v. Sawyer*, 1 Va. App. 75, 335 S.E.2d 277 (1985).

The USFSPA is permissive. The decision to classify a military pension or payments received thereunder as marital or separate property is to be determined according to the laws of the individual states. The USFSPA by its terms allows state courts to treat retroactively to June 25, 1981, retirement payments as property rather than as "personal entitlements." As a general proposition, statutes are not to be applied retrospectively: "a statute is always to be construed as operating prospectively, unless a contrary intent is manifest; but the legislature may, in its discretion, pass retrospective . . . laws *provided they do not . . . impair the obligation of contracts, or disturb vested rights.*" *Brushy Ridge Coal Co. v. Blevins*, 6 Va. App. 73, 79, 367 S.E.2d 204, 207 (1988) (emphasis added) (citations omitted). Congress, in this instance, elected to give its enactment limited retrospective application so that only benefits received after the date of the *McCarty* decision could be classified by state courts as property subject to distribution.

For purposes of this decision, we accept, without deciding, that the USFSPA authorizes the courts in Virginia to treat retirement payments received after June 25, 1981 as property subject to classification under Code § 20-107.3. Nevertheless, the agreement in which Mrs. Himes released and surrendered her rights, whether marital or otherwise, to the personal estate owned or thereafter acquired by Mr. Himes, which was incorporated into the court decree, established a fixed and vested right in both parties which Congress, by subsequent legislation, could not thereafter deprive them. *See Shoosmith v. Scott*, 217 Va. 290, 292, 227 S.E.2d 729, 731 (1976), *aff'd on reh'g*, 217 Va. 789, 793, 232 S.E.2d 787, 789 (1977).

■ Additionally, the Himes had already litigated their property rights. Their obligations had become fixed by their covenant in the separation agreement, which was incorporated in the court's decree and which released and surrendered all rights and interest in and to the personal estate owned or thereafter acquired by either party. *Id.* The property rights and interests became vested in the parties when they agreed upon them, set them forth in a valid separation agreement, and had them incorporated into their final divorce decree. *Id.*; *see also* Rule 1:1; Va. Code Ann. § 20-109 (1950). Retrospective application of the USFSPA in this case resulting in the reclassification of Mr. Himes' military pension would impair the parties' contractual rights and obligations and disturb those rights which became vested by both the contract and by the final divorce decree.

■ The valid release also prevents the trial court from reopening the Himes' decree of divorce which became final twenty-one days after September 8, 1982. Rule 1:1. The USFSPA does not presume to provide a mechanism to reopen final decrees in a state court other than by those procedures available by the laws of the individual states. *See Allison v. Allison*, 690 S.W.2d 340, 345 (Tex. Ct. App. 1985). In Virginia, where a valid release has been executed and made part of a decree, a party to that decree may not reopen it for modification based upon a change in the law. This Court held in *Bragan v. Bragan*, 4 Va. App. 516, 358 S.E.2d 757 (1987), that a release of claims contained in a separation agreement which was entered into prior to the enactment of Code § 20-107.3 was a bar to the wife's subsequent claim for equitable distribution. *Bragan*, 4 Va. App. at 518, 358 S.E.2d at

759. We stated that "[a] subsequent change in the law does not justify the unilateral rejection of an agreement. A *quid pro quo* of entering into a comprehensive agreement is the 'possibility that the law may change in one's favor.'" *Id.* at 519, 358 S.E.2d at 759 (citation omitted).

However, Mrs. Himes argues that because she had no knowledge of the possible change in law, she could not have intended by the agreement to waive her rights to a claim for property which did not exist at the time. "The principle she relies on is applicable to an *existing* right and the necessity to have knowledge of the facts giving rise to such a right." *Bragan*, 4 Va. App. at 519, 358 S.E.2d at 759 (citation omitted) (emphasis added). Admittedly, Mrs. Himes, based on the *McCarty* decision, had no existing right, at the time of the decree, in Mr. Himes' military pension. Assuming that the USFSPA transformed what had been a "personal entitlement" under *McCarty* into a property right for the first time, the separation agreement, by its express terms, surrendered and released all rights and claims to property rights "hereafter acquired." Thus, the fact that the retirement pension payments, at the time the contract was executed, may not have been considered property under *McCarty*, and therefore within the contemplation of the contract, nonetheless, Mrs. Himes was not entitled to any portion of the retirement benefits when the USFSPA "transformed" his "entitlement" into property because the terms of the contract were sufficiently inclusive to release and surrender claims to personal property "hereafter acquired."

The trial court held that it could not apply the USFSPA to the Himes' decree because the agreement and the decree created contractual and vested rights which could not be impaired by reopening the issue. That judgment is affirmed.

*Affirmed.*

Barrow, J., and Cole, J.,* concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.