COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


MERI DELL SHARBUTT-RIDGE

v.        Record No. 0736-97-1

JAMES JOSEPH RIDGE
                                    MEMORANDUM OPINION[*] BY
and                                 JUDGE NELSON T. OVERTON
                                       FEBRUARY 24, 1998
JAMES JOSEPH RIDGE

v.        Record No. 0870-97-1

MERI DELL SHARBUTT-RIDGE


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Marc Jacobson, Judge

            Priscilla M. Rae; Louis W. Kershner (Kershner
            and Hawkins, P.C., on briefs), for Meri Dell
            Sharbutt-Ridge.

            J. Barry McCracken (Cook & McCracken, on
            briefs), for James Joseph Ridge.


     Mrs. Meri Dell Sharbutt-Ridge (wife) and James Joseph Ridge

(husband) appeal an order of the City of Norfolk Circuit Court

denying wife's motion to reopen their divorce decree.  Wife

asserts that the trial court erred when it refused to increase

her share of her husband's military pension, refused to require

that husband pay federal income taxes on her share of the pension

and refused her request for attorney's fees.  Husband has

appealed only that portion of the order denying him his

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

attorney's fees. For the reasons set forth below, we affirm in part and remand for reconsideration.

The parties were married on June 25, 1960, separated on April 18, 1985 and divorced on October 14, 1988. Their divorce decree incorporated the parties' separation agreement. The agreement disposed of all the marital assets including the pension husband received after retiring from thirty-one years of service in the United States Navy. It classified the pension as a "personal property right authorized under 10 U.S.C.A. 1408 et seq. ('Uniformed Service Former Spouses Protection Act')" (USFSPA). Under the terms of the agreement, wife would receive thirty-nine percent (39%) of the "gross retirement to which he is then entitled."

Beginning on June 1, 1988 the United States Navy paid wife 39% of husband's retirement pay minus applicable federal income taxes. Husband characterized the payment as alimony on his federal tax returns; deductible to the payor, included by the payee. At the same time, wife characterized her share as a property split incident to divorce; excluded from her taxable income. In 1990, the Internal Revenue Service assessed over six thousand dollars in back taxes, penalties and interest against her. Wife paid the assessment and has paid taxes on her share ever since.

Wife filed her motion to reopen on December 12, 1994 alleging the intent of the separation agreement was for her to

receive her share before his taxes had been deducted, not after. Additionally, she claimed that he was responsible for past and future payments of the taxes levied on her share. Husband claimed that the definition of "disposable retired or retainer" pay existing at the time of the agreement allowed payment of her share only after his taxes had been deducted. Additionally, he disputed the jurisdiction of the circuit court to hear what was essentially an appeal of the decision of a federal administrative agency, the IRS.

The trial court denied wife's motion to reopen on March 27, 1997. Both parties have appealed that decision.

USFSPA

The main bone of contention between the parties is the intended effect of USFSPA on the incorporated separation agreement they created in 1988. USFSPA authorizes state courts to treat a retiree's "disposable retired or retainer pay . . . either as property solely of the member or as property of the member and his spouse in accordance with the law or the jurisdiction of such court." 10 U.S.C. § 1408 (1988). In 1988 "disposable retired pay" was defined by 10 U.S.C. § 1408(a)(4) as

> the total monthly retired or retainer pay to which a member is entitled less amounts which . . . (C) are properly withheld for Federal, State, or local income tax purposes, if the withholding of such amounts is authorized or required by law to the extent such amounts are withheld are not greater than would be authorized if such member claimed all dependents to which he was entitled.

- 3 -

USFSPA was amended on November 5, 1990. The amendment removed subsection C from the definition of "disposable retired or retainer pay." The effect was to allow courts to divide military pensions <u>before</u> taxes were withheld and award a percentage of this net amount to spouses. However, the amendment was not retroactive, applying only to divorces effective 90 days after the amendment. 10 U.S.C. § 1062(a) (1990).

The trial court looked to the definition in effect at the time the divorce was decreed. It concluded that the trial court at that time could not have had jurisdiction to award more than what was encompassed by the statute. Thus, in order to interpret the agreement in accord with the decreeing court's jurisdiction, the trial court found that wife's 39% share came from the net, not the gross, amount. It held that the 1990 amendment was irrelevant to the case because it was not retroactive.

When a judgment is based upon the construction or interpretation of a contract, an appellate court is not bound by the trial court's construction of the contract's provisions. See <u>Smith v. Smith</u>, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986). An appellate court is equally able to construe the meaning of the provisions of an unambiguous contract. See <u>Wilson v. Holyfield</u>, 227 Va. 184, 188, 313 S.E.2d 396, 398 (1984). The rules of construction that apply to contracts also apply to settlement agreements. <u>Tiffany v. Tiffany</u>, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985).

- 4 -

We agree with the trial court's ruling that USFSPA did not authorize the decreeing court in 1988 to award more than was defined by the federal law. If the decreeing court had acted in conflict with the definition of USFSPA, it would have done so without jurisdiction. A decree rendered by a court which lacked jurisdiction is void ab initio. Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). We affirm that portion of the trial court's decision.

There is a separate issue, however, which the trial court apparently failed to address. Wife has argued that the amendment to USFSPA was a change contemplated by the parties when they created the agreement. Thus, even though the statute does not make itself retroactive, the parties may have done so by operation of contract. "A quid pro quo of entering into a comprehensive agreement is the 'possibility that the law may change in one's favor.'" Bragan v. Bragan, 4 Va. App. 516, 519, 358 S.E.2d 757, 759 (1987) (citations omitted). The separation agreement does expressly tie wife's share to the definition of "disposable retired pay" from 10 U.S.C. § 1408. It is possible that by this express reference to the United States Code they intended to do by contract what Congress did not see fit to do by legislation, make any change in USFSPA applicable to computation of wife's property right. See Cook v. Cook, 18 Va. App. 726, 730-31, 446 S.E.2d 894, 896 (1994) (holding that the parties could contract around the ten-year marriage requirement contained

in 10 U.S.C. § 1408(d)(2)).  While we do not here express an opinion as to whether the parties did so intend, we remand the issue back to the trial court for determination.

## Tax Treatment

Wife's second ascription of error is that the trial court failed to assign husband the duty of paying the federal income taxes due on her share of his pension. She asserts that if the government has levied improper taxes, then it becomes the responsibility of husband to reimburse her both retroactively and prospectively. Because this position is without support in law or in the terms of the agreement, we reject it.

We look to the four corners of the agreement for any indication that the parties sought to address tax liability on their respective shares of husband's pension. See Blunt v. Lentz, 241 Va. 547, 551, 404 S.E.2d 62, 64 (1991) (citing Ross v. Craw, 231 Va. 206, 212, 343 S.E.2d 312, 316 (1986)). Upon a careful reading of the agreement, we find no support for wife's contention that the last lines of Paragraph 14 require husband to pay her taxes. Those lines read, "Should the United States Navy Finance Center or other appropriate United States Government agency fail to pay Wife hereunder, the Husband must pay wife direct on all his obligations under this paragraph." No organ of the federal government has failed to pay her the funds to which she claims she is entitled. Therefore the paragraph does not address the question at issue: whether one party must give back some of the money in the form of taxes.

Nowhere in the agreement are the tax burdens of the parties mentioned, much less apportioned. We would, in theory, agree

- 7 -

with wife's position that the pension is a property division, not alimony and is, therefore, a tax-neutral event for which she should not owe income tax. However, it is not within the jurisdiction of this Court to order the IRS to cease collecting taxes. Nor do we "rewrite contracts to insert provisions that have been omitted by the parties." Jones v. Harrison, 250 Va. 64, 68, 458 S.E.2d 766, 769 (1995) (citing Westbury Coal Min. Partnership v. J.S. & K. Coal Corp., 233 Va. 226, 229, 355 S.E.2d 571, 572-73 (1987)). Wife's remedy for overpayment of federal income taxes lies not in an appeal to the state courts, but in a prompt challenge to the IRS in the appropriate federal forum.

## Attorney's Fees

The separation agreement provides that if either party retains counsel for the purpose of "enforcing or preventing the breach of any provision hereof, then the prevailing party shall be entitled to be reimbursed by the losing party." The trial court, however, decided to leave each party responsible for its own attorney's fees.

"An award of attorneys fees is a matter submitted to the trial judge's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)). The record indicates that neither party has asserted frivolous arguments or false allegations. None of the litigation has been motivated by bad

faith or a desire to hinder or delay the other party.  While suits involving separation and divorce are always emotional, hotly-contested affairs, we find no special circumstances which would lead us to conclude that the trial court's decision was not warranted.  We, therefore, affirm his decision and refuse to award attorney's fees for the expenses of trial or appeal.

## Conclusion

Because it appears that the trial court did not consider wife's contention that the parties had, through contract, tied the computation of wife's property interest to a future amendment to USFSPA, even where Congress had chosen not to make the change retroactive, we remand to the trial court with instructions to reopen the decree and examine that possibility.  On the issues of tax liability and attorney's fees, we affirm.

Affirmed in part,
remanded in part.
