COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


SABINE SCHOLER SAVEDGE

                                                    MEMORANDUM OPINION*
v.        Record No. 2713-09-1                      PER CURIAM
                                                    JUNE 29, 2010
GILLIAM E. BARBOUR


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Christopher W. Hutton, Judge

              (Walter N. Thorp, on briefs), for appellant.

              (John Ward Bane, on brief), for appellee.


       Sabine Scholer Savedge appeals the trial court's ruling denying her request for equitable

distribution of Gilliam E. Barbour's military retirement.  Savedge lists the following questions

presented:  (1) whether the language in the parties' separation agreement constitutes a specific

waiver of Savedge's interest in Barbour's military retirement payments; (2) whether it was possible

for Savedge to waive her rights to Barbour's military retirement in the 1982 divorce decree when

military retirement was not made a divisible marital asset until the enactment of Uniform Services

Former Spouses Protection Act (USFSPA) and, therefore, could not have been contemplated at the

time; (3) whether the trial court erred in interpreting that the language of the parties' separation

agreement, specifically paragraphs 9, 11, and 12, constituted a "full and final accounting of all

claims, rights, or other interests existent in 1982, or for potential thereafter"; and (4) whether the

facts and order of this case are governed by Himes v. Himes, 12 Va. App. 966, 407 S.E.2d 694

(1991), or whether a more specific and express waiver like that found required in Nicholson v.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Nicholson, 21 Va. App. 231, 463 S.E.2d 334 (1995), should set forth the appropriate standard of review. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.[1] See Rule 5A:27.

BACKGROUND

The parties married on July 13, 1961, separated on December 1, 1979, and divorced on January 4, 1982. While married, Barbour served in the military for seventeen years and nine months.

On December 18, 1979, the parties signed a separation agreement. At that time, military retirement benefits were not subject to equitable distribution. See McCarty v. McCarty, 453 U.S. 210, 226-27 (1981) (military pensions were considered a "personal entitlement" and not subject to distribution). The Virginia General Assembly enacted Code § 20-107.3 on July 1, 1982. In 1983, Congress enacted the USFSPA, which allowed individual states to classify military retirement as marital or separate property. The USFSPA was retroactive to June 25, 1981, the day before the McCarty decision.

The parties' separation agreement included a waiver of spousal support and a "release and discharge of all interest or dower and any and all other claims which [Savedge] has or might have for alimony and for support and maintenance or otherwise." Furthermore, the separation agreement included a paragraph waiving their interest or right to the other's property. The separation agreement was incorporated into the final decree of divorce.

---

[1] Barbour also asserts that laches and the statute of limitations prevent Savedge from claiming any interest in his military retirement. Since we are summarily affirming the trial court's decision, we will not address Barbour's arguments regarding laches and the statute of limitations.

In 2009, Savedge filed a motion with the trial court seeking equitable distribution of Barbour's military retirement. The trial court heard the parties' arguments on June 18, 2009 and issued a letter opinion on July 28, 2009. The trial court denied Savedge's request and entered an order reflecting the ruling on December 2, 2009. Savedge timely noted her appeal.

ANALYSIS

Issue 1

Savedge argues that the language in the parties' separation agreement does not constitute a specific waiver of her interest in Barbour's military retirement.

The parties' separation agreement includes the following waivers:

9. That the Wife waives any present or future claim for spousal support.

\* \* \* \* \* \* \*

11. The Wife agrees that the provisions herein made are in full settlement, release and discharge of all interest by dower and any and all other claims which the Wife has or might have for alimony and for support and maintenance or otherwise.

12. It is mutually agreed and understood between the parties hereto that each may freely sell or otherwise dispose of his or her own property by gift, deed or will; without in anywise encumbering the rights of the other, and that each party is hereby barred from any and all rights or claims by way of dower, curtesy, inheritance, descent, distribution or in any other way arising out of said property. And each party hereto releases, remises and relinquishes unto unto [sic] the other and to the heirs, executors, administrators, and assigns thereof all claims or rights of dower, curtesy or inheritance in and to all the real estates of the other, whether now owned or hereafter acquired.

The trial court found that "paragraphs of the Separation Agreement numbered 9, 11 and 12 . . . are strong representations of a validly executed release and surrender of rights by [Savedge]."

Savedge asserts that these waivers do not constitute a specific waiver of her interest in Barbour's military retirement. She contends that an express waiver is necessary in order to

waive a spouse's interest in retirement benefits.  However, she acknowledges that the USFSPA does not require an express waiver.

In Himes, neither the parties' agreement nor the final decree of divorce mentioned Mr. Himes' military pension.  Himes, 12 Va. App. at 968, 407 S.E.2d at 696.  The Himes' waiver and release applied to property "now owned and hereafter acquired."  Id. at 968 n.1, 407 S.E.2d at 695 n.1.  This Court found that the waiver was sufficient to waive Mrs. Himes' interest in Mr. Himes' retirement.  Id. at 970, 407 S.E.2d at 697.  It concluded that "where a valid release has been executed and made a part of a decree, a party to that decree may not reopen it for modification based upon a change in the law."  Id.

As in Himes, the parties' agreement did not specifically mention Barbour's military retirement.  However, it did include a similar waiver.  An express waiver is not necessary, and Savedge's waiver in the separation agreement is sufficient to waive her interest in Barbour's military retirement.

### *Issue 2*

Savedge argues that she could not have waived her rights to Barbour's military retirement in the 1982 divorce decree because military retirement was not a divisible asset until the enactment of USFSPA.

Mrs. Himes made this exact same argument in her case, to-wit:  "Mrs. Himes argues that because she had no knowledge of the possible change in law, she could not have intended by the agreement to waive her rights to a claim for property which did not exist at the time."  Id. at 971, 407 S.E.2d at 697.

This Court held as follows:

> [T]he fact that the retirement pension payments, at the time the
> contract was executed, may not have been considered property
> under McCarty, and therefore within the contemplation of the
> contract, nonetheless, Mrs. Himes was not entitled to any portion

of the retirement benefits when the USFSPA "transformed" his "entitlement" into property because the terms of the contract were sufficiently inclusive to release and surrender claims to personal property "hereafter acquired."

Id.

Therefore, the trial court did not err in rejecting Savedge's argument that she could not have waived her right to Barbour's military retirement.

### Issue 3

Savedge argues that the trial court erred in interpreting that the language of the parties' separation agreement, specifically paragraphs 9, 11, and 12, constituted a "full and final accounting of all claims, rights, or other interests existent in 1982, or for potential thereafter."

Savedge signed the final order as "Seen and objected to." A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. Savedge did not make the argument that she presents in her third issue in her closing argument. She did not file a motion to reconsider.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Rule 5A:18 precludes this Court from considering Savedge's third question presented.

### Issue 4

Savedge argues that the facts and order of this case are not governed by Himes, but instead by Nicholson, which required a more specific and express waiver.

- 5 -

The trial court stated that it considered both cases, but found the Himes case to govern this situation. We agree.

In Himes, the wife sought a portion of husband's military retirement. On July 17, 1981, the parties signed a separation agreement, which was incorporated into a final decree on September 8, 1982. The separation agreement included a "mutual release of all rights to the property owned or acquired by the other." Himes, 12 Va. App. at 968, 407 S.E.2d at 695. In 1983, Congress enacted the USFSPA. This Court held that

> the agreement in which Mrs. Himes released and surrendered her rights, whether marital or otherwise, to the personal estate owned or thereafter acquired by Mr. Himes, which was incorporated into the court decree, established a fixed and vested right in both parties, which Congress, by subsequent litigation, could not thereafter deprive them.

Id. at 970, 407 S.E.2d at 697. Furthermore, this Court stated, "Retrospective application of the USFSPA in this case resulting in the reclassification of Mr. Himes' military pension would impair the parties' contractual rights and obligations and disturb those rights which became vested by both the contract and the final divorce decree." Id.

In contrast, Nicholson dealt with a wife seeking a portion of her husband's retirement annuity under the Foreign Service Act. The Foreign Service Act required an "express waiver" to a spouse's retirement annuity. Nicholson, 21 Va. App. at 238, 463 S.E.2d at 338. This Court explained how the Nicholson case differed from the Himes case:

> Himes dealt with whether, under Virginia law, a general waiver of property rights in a property settlement became a vested right that prevented one spouse from making a claim against the other spouse's retirement benefits when the equitable distribution statute was subsequently enacted. The Nicholsons' case involves the interpretation and application of a federal statute, which was a requirement of "express" waiver by a spousal agreement or court order.

Id. at 239, 463 S.E.2d at 338.

- 6 -

Like <u>Himes</u>, Savedge is seeking relief under Virginia law. Her motion was titled, "Complainant's Motion for Equitable Distribution of Defendant's Military Retirement." She sought a division of Barbour's military retirement pursuant to Code § 20-107.3. However, the parties' agreement included a waiver preventing either party from seeking future distribution of each other's property. As in <u>Himes</u>, the rights of Savedge and Barbour were fixed in their separation agreement and final decree. "The property rights and interests became vested in the parties when they agreed upon them, set them forth in a valid separation agreement, and had them incorporated into their final divorce decree." <u>Himes</u>, 12 Va. App. at 970, 407 S.E.2d at 697.

Therefore, <u>Himes</u> controls the outcome of this case, and the trial court did not err in applying <u>Himes</u> to this case.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>